My first question before you get going is, did you understand Judge Moore's question? I did. I don't know the facts behind the case, but my gut response would be no. The board does not have the right or the authority, I should say, to rule a statute unconstitutional. All right, this is case 2018-1477, Bough v. Interior. Mr. Dahl, please proceed. Thank you, Your Honor. My client's name actually is pronounced Boo. Oh, Boo, wow. It's an interesting pronunciation. Mr. Boo was employed in the data unit of the Bureau of Indian Affairs, worked under the Department of Accountability and Production. In the blue brief at 18, you say the MSPB erred by not taking into consideration public statements made by Director Rossell. Yes, Russell. Russell? Yes. Well, great. We can simplify the spelling. But there's no citation provided. Would you give me a record cite to those statements? Yes, those were found, Your Honor, in Exhibits P, P as in Peter, and Exhibits V, V. And where would they be in the record for us? And to be honest, Your Honor, I'm not sure that those exhibits are in the record. It's really not one of the major issues that – we did raise it in our brief in chief, but it's not one of the major issues which I believe requires a remand at this point, Your Honor, to be quite honest. Listen, if you say it and I look for it and it's not there –  We're not squirrels looking for acorns. It was referenced in the transcript, but I do not believe that the exhibits themselves are part of the record. Can I ask a preliminary question? Sure. Sir, Mr. Boo no longer is employed by this agency. That's correct. He's farther away. What relief does he seek? I mean, typically in one of these situations, there's been some adverse action against an employee and he wants his record corrected. He wants this to happen. What relief are we – Well, I think that at the end of the day – and that's a very good question. Well, is there any skin in the game? I mean, is this really adversary? At this point, Your Honor, I believe that he has moved to a different agency. And therefore, the only issues that remain that I think that Mr. Boo is concerned about is clearing his name with respect to the Bureau of Indian Education. There was a finding – we brought this up in the brief – Go ahead. Findings. Finding an unauthorized commitment that he made with respect to the Charbonneau contract, which is referenced in the briefs. And as a result of that, he believes that that's the primary adverse action that was taken against him. It was, of course, affecting his workload at the time that he was working with the BIE. So at the time – The pay is not – he wasn't overworked, underworked? He wasn't seeking additional pay? No. So the change in job conditions that Mr. Boo is alleging, Your Honor, is that they had to do work within the unit, the data unit, that otherwise would have been performed by Mr. Charbonneau. Contractors? Contracts. And so in that respect, it would be considered additional work. How does that finding of unauthorized contracting, about which you're concerned, follow him in his employment record? Well, Your Honor, I believe that it's part of his personnel record. I believe that if ever there's a situation where he is required or asked to be a contractor – How do we know it's part of his current record? Your Honor, in that respect, I cannot tell you that it is or is not currently. I do know that a finding was made to that – I understand. But the question is, does it impact him now? As he currently stands, no. Okay. Thank you. If he were to become a contracting officer representative for any reason in his current employment, though, it could be an issue. It might preclude him from exercising that ability. And one of the things that I think is important to understand – Does that future risk confer standing? I believe, in this instance, Your Honor, it can. What's your authority? I have no authority. Thank you for your candor. Thank you. No, I really have no authority for that other than the general principles of standing indicate that if you have an injury, that is likely that that may still confer standing. Mr. Boo has a great deal of experience in the federal arena working as a contracting officer representative. And so I believe – and again, no authority – but I believe that there is a probability that he could have that ability or the opportunity. Is there anything in the record that shows that? No, sir. No, sir. That's not part of the record. But again, when the appeal was initially filed, Mr. Boo was still with the Bureau of Indian Education. I guess I'm a little perplexed because maybe I misunderstand the facts. But he was removed from being the COTR long before a finding – if I understand the facts right – long before the finding was made of this unauthorized commitment. So I guess I'm failing to understand how you're asking this court to give you some form of relief that would address any problem that is mooted by him no longer doing this. I don't understand. You are correct, Your Honor, that the formal finding was not made for a very long period of time after he was removed as a COTR. But the evidence does show that the accusation, if you will, of unauthorized commitment was being made at the time that he was removed as the COTR. And I guess the wheels of bureaucracy turned slowly so that the formal finding didn't occur until sometime later. So are you saying that the accusation is the reason he was removed from COTR? Yes, because the accusation – and this is in the record – was being made by Marlene Walker, who was the person that replaced him as the COTR, and who was, according to the testimony of Mr. Boo, his supervisor, even if not officially, for a period of time during the initial part of the first half, I should say, of the year 2013. And so she would tell the acting deputy director of the division that Mr. Boo had made an unauthorized commitment. It was the acting deputy director that then made the determination, okay, I'm going to remove him. There is some question as to whether or not he had the authority to do that. He was not a contracting officer. The contracting officer representative is generally supervised, at least in terms of the contract, by the contracting officer. In this particular case, the deputy director told the contracting officer, remove him from this contract, and he was removed. The removal was by the contracting officer. I'm sorry, I didn't hear the first part. The actual removal was done by the contracting officer, and that's the proper way to do it. That is correct. Is there anything wrong with the boss telling the contracting officer to do that? No, if indeed the deputy director was the contracting officer. There's no flying the ointment over the fact that he was removed. Well, there's a distinction there, and it's kind of a fine distinction, but let me explain what I understand about it. That is that procurement, the contracting arm of the BIE, is not part of the division of performance and accountability, and yet it was the acting deputy director of the departments of performance and accountability who instructed a contracting officer who worked in procurement to remove Mr. Boo as the COGR. Who, in your mind, should have been the right person to make the instruction to tell this contracting officer what to do? As I understand it, it would have been— The President of the United States? I mean, who, if not the person who told the contracting officer to remove him, who should it have been? My understanding, Your Honor, is it should have been the director of the contracting office, who was a fellow in this case by the name of Jeff Sena. But Mr. Sena did not play a role in removing Mr. Boo as the contracting officer. Is there an argument you've made on appeal for— because some of your arguments were not made below, and I understand your argument about they were implicitly decided, so somehow they're before us, but put those off to the side. If I don't agree with that, what argument did you make below that you're making to us on appeal that you think is your strongest case for why we should vacate? The strongest argument, I believe, Your Honor, is the one that we have been discussing, and that is that he was removed as the COTR based upon allegations, but no formal finding that he had made an unauthorized commitment. But what is the evidence that his protected disclosure was a possible factor in that action? In that respect, the protected disclosure goes to—it's a cat's paw theory. And I think the administrative law judge talked about that a little bit, but found that it did not apply. But it's our position, Your Honor, that the allegations being made by Marlene Walker, my client had made a protected disclosure regarding what he believed to be improper activity by the acting deputy director, Stanley Holder. Stanley Holder and Marlene Walker worked together and were very close, and therefore when Mr. Holder removed Mr. Boo and replaced him with Marlene Walker as the COTR, it is our position that by doing so, Mr. Holder was taking retaliatory action for disclosures that Mr. Boo had made. We also believe that Marlene Walker was taking retaliatory action against him by making these allegations of unauthorized commitment. And telling him that he had been found essentially guilty already, even though there had been no official or formal finding on that point. But I see, Your Honor, that I'm into my rebuttal time. Just very briefly, I think the major issue though is, and whether the court adopts it is surely up to the court, but is this issue that Mr. Boo did find out at the trial that one of the reasons at least we believe that he was retaliated against was because he had assisted the deputy director, not the acting deputy director, but the actual deputy director in an OSC complaint that was brought by the deputy director. Can he bring a whistleblower complaint based on that now? Excuse me, Your Honor? Can he bring a whistleblower complaint based on that charge now? I think that there might be some issues with respect to time bar because it was raised in this case. There might also be an issue of… Raised in this case, what, by you in this brief? Actually, the factual scenario was raised, interestingly enough, by the agency at the trial. This was not something that Mr. Boo was aware of until the agency brought it forth. But we see cases all the time where a whistleblower goes in and makes a protected disclosure and doesn't have sort of everything in it. Maybe he gets told that he didn't really exhaust his remedy. Maybe he gets told later he didn't make a prima facie case and goes back and files another one. And again, I think that there are some issues with both time bar and whether or not it would be And that may depend totally on the ruling as well, Your Honor. So maybe you made a mistake by raising it. It's possible, Your Honor. All right, well, let's save the rest of your time for rebuttal. Thank you.  May it please the Court. Ms. Kirchner, last week on the 27th of March, you filed a 28-J letter. Yes, Your Honor. In it, you say, pursuant to 28-J, we submit this supplemental authority. In his reply, Petitioner says these three things. And then you say parties by express or implied consent cannot confer jurisdiction on the MSPB that it wouldn't otherwise have. And you cite a 2006 case, a 1973 case, and a 2011 case and a 2004 case. Okay? Now, you're aware that we have binding precedent that prohibits the use of a 28-J letter to bring supplemental argument, right? Excuse me? Are you familiar with Halby Shinseki that says if a 28-J letter presented a new argument, it would be improper? How is that not a surreply argument to the reply rather than the presentation of new authority, which is what 28-J provides? Your Honor, you're referring to the dates of the cases? Yes, I am. How is that new authority? I didn't interpret 28-J as being restricted to only subsequent decisions that are issued by a court, Your Honor. I interpreted it- If pertinent and significant authorities, okay, come to a party's attention after the party's brief has been filed. Were you aware of them before? Why didn't you file a request for a surreply? Your Honor, if this is improper, I'm sorry, I apologize. I didn't interpret it as improper. Neither did any of my supervisors. We viewed 28-J broadly as allowing us to cite the court- How is it different than a surreply? Excuse me? How is what you filed different than a surreply? Your Honor, if I'm in error, I apologize. I'm bringing it to your attention and to the office's attention. Yes, Your Honor. Just so we're clear, I agree with Judge Wallach. This is a surreply, and 28-J absolutely doesn't authorize that, and our opinions in the past make that clear. So please do go back to the office and make sure they understand that there will be consequences if the government, who is such a repeat player, we expect them to know and follow the rules, tries to use 28-J for the purposes of filing surreplies. You have more text in the 28-J letter than you do case names. Usually we've attached the following case we think is relevant, and then there's a case. Here you've got whole arguments replying to what's in the reply. So it's definitely improper, just so that there's no confusion at all. Yes, Your Honor. As we said- Is this case moot? I'm not in a position to say that it's moot, because in these whistleblower cases, petitioners often have a claim for compensatory damages, which might be pursued if the case was revanded. So there might be something- Well, they would often like to have a record corrected. Excuse me? Have the record corrected. In terms of having- We had one last month where someone had had some disciplinary action taken against them, and they said, we'd like to have that corrected. That's a possibility also, Your Honor. So I wasn't in a position to tell the court that this matter was moot, so we didn't make that assertion. And I'm not contending right now that the case is moot, because I don't have facts from the record that allow me to say that this matter is moot. Okay, so let me help direct your argument, which is everything that you say was waived because it wasn't raised to the board, as far as I'm concerned, is not on the table. So why don't you just address his remaining arguments to the extent that the government has a response to them? Because you're, of course, absolutely correct that if an argument is a whole new basis and it wasn't raised before the board, that is not something we can consider on appeal. So I don't want you to waste your time, your limited time, on those arguments, because you're right. I agree with that. So why don't you focus on the arguments that weren't waived, if that's okay. Does that help you focus your argument? Certainly. Yes, it does, Your Honor. Okay, good. This was raised at the board and in his opening brief on appeal, and also the reply brief. He contends that a remand is necessary because the board did not decide whether or not he had made an unauthorized commitment of government funds. What we pointed out in our brief is that this assertion that an allegation or charge that he made an unauthorized commitment of government funds was not raised with the Office of Special Counsel. And if you look at the complaint that he filed with the Office of Special Counsel, the court will not find that allegation in the complaint or the assertion that that allegation of making an unauthorized commitment of government funds was in reprisal for some protected activity. That's not in his complaint with the Office of Special Counsel. So the board had no jurisdiction to take up that. But the board didn't say that. That's the problem. Say that again. You're saying if you just look at the fact and you say here's the allegation, we don't look at the complaint he filed with OSC, it's not in there. Right. Therefore, you would say he didn't exhaust. Correct. Or if he did exhaust, it wasn't insufficient, yada yada, right? Yes, Your Honor. Is there a statement to that effect in the ALJ's decision? No, there is not, Your Honor. And isn't that his complaint? Are you saying it's harmless error that there was not? No, what we're saying further, not only is it not in the complaint, the issue of jurisdiction was litigated. And there were two decisions on jurisdiction, setting out what the board had the authority to decide. Did the board say it didn't have jurisdiction to look at this unauthorized funds issue? No. That's what I'm trying to get at. His complaint is that there is an issue in here that he never put in play at the Office of Special Counsel. And yet he made, the board was aware of it, right? When he litigated the issue of jurisdiction before the board. Yes. He told the board that Dr. Russell had made a comment that there was an appearance of an improper relationship between him and the contractor. That's what he told the board required, the board needed to look at. The board made a finding on that contention, and that would be in the record at appendix page 785. The board's finding was that Dr. Russell, having a thought that he engaged in an improper relationship with a contractor, that wasn't a personnel action. That's just the thoughts of Dr. Russell. It's not a personnel action. It didn't have any effect on his duties. No, but that's not related to the unauthorized funds. Correct, correct. That's why we say that that assertion was not raised with the Office of Special Counsel. And when jurisdiction was litigated, there was no finding that it came within the board's jurisdiction. How did he present the question of the improper expenditure of funds to the board? It came up because it was the government's contention that they were concerned that he was involved in a contract where he requested services, accepted services, and there were no funds on the contract. And then he was removed. Did this come up in testimony? Yes, yes, it's in testimony. It's all over the... Well, I understand. I mean, the issue is all we really talked about here today. But I think his concern is that he didn't get an answer on paper from the board. Right? Isn't that what he's saying? I don't have a piece of paper that I got from the board that told me that this business of the improper expenditure was of no effect. Well, what we've also said in our brief is that this charge of making an unauthorized commitment of government funds does not meet the criteria for being a personnel action under the Whistleblower Protection Act. Not only was it not raised with the Office of Special Counsel, but it didn't have any consequence when the finding was finally made. What do you mean by that? You mean if somebody comes in and says, my boss has been misusing federal money, that's not a basis for a whistleblower complaint? There has to be some personnel action taken. In this case, there was no personnel action taken against him as a result of... For example, you mean cancellation of the contracts had nothing to do with him? He wasn't even the COTR at the time they were canceled. So how could that be a personnel action against him, the non-renewal of the contracts? Your Honor, that indeed is a different question. But if you look at the timeline of these things, he's removed as a COTR much earlier before there's the finding of an unauthorized commitment. Those contracts end much earlier before there is a finding of an authorized... But I guess I wasn't trying to get you to run through the facts. I was just saying an example of something that he's alleging, but that isn't a personnel action against him and thus can't be a basis for a WPA claim, is the cancellation of these contracts. Correct, Your Honor. I'm just saying this is an example of one of the things he's alleging that just can't support his WPA claim because it isn't an action directed at him. Correct. Yes, Your Honor. And it didn't, in Your Honor's example, it didn't materially change his duties. Isn't the crux of your argument that his removal as contracting officer from the Charbonneau contract was made by individuals who had no knowledge of his protected activity? That is indeed what the board found. And that sustains the board's finding. I think he's talking about... Sorry. Go ahead. Please continue. We're talking about two different things, it seems to me. One is his removal as COTR. That is perfectly sustained by the board's findings. Now he's saying that we need a remand because the board did not look at what's supposed to be a different act of reprisal. And that act of reprisal, according to his brief, is the finding that he made an unauthorized commitment of government funds. What we're saying is that didn't go to the Office of Special Counsel. If he wants to take it there today, he can take it there today. There's no statute of limitations. So he can go back to the Office of Special Counsel with that allegation of reprisal, should he so choose. And what we also pointed out in our brief is there was a ruling on jurisdiction. There were no objections. When you file a whistleblower complaint, do you have to ask for some corrective action? I think for there to be standing, you have to be asking for something. You have to be asking either for compensatory damages or— So it's not enough for somebody to come in and say, I blew the whistle. They took this action against me. I'm blowing the whistle as a private attorney general. I want everybody to know what went on, but I'm not asking for anything for myself. It's hard to say that they would—it seems like they would not be standing in that case, Your Honor, because he's not really asking for anything, just a declaration that doesn't have any effect on anything. He's asking for what the Whistleblower Protection Act exists to achieve, which is shining the light on wrongdoing in the government. Your Honor, I would contend that the Whistleblower Protection Act exists to correct wrongdoing and to give relief to the whistleblower of some sort, whether it's correction of his record, compensatory damages, a new job, something that alleviates his situation. How about if all he wanted was legal fees? They do ask for that, too, Your Honor. Now— So that would be enough for the private attorney general, a good citizen who wasn't asking for anything for themselves, if they just said, make certain you pay my lawyers. I would not submit that attorney fees is sufficient to give jurisdiction, but I don't think we're really faced with that here. As I said, the unauthorized commitment of government funds is a charge that was raised much later. It was not part of the jurisdictional rulings, and there was never any objection to the jurisdictional rulings. So in this case, the way we read his reply brief is that he's trying to get a remand on issues for which there never was any jurisdiction, and therefore, based on the cases that we've been citing— I hope I don't need to read the case cites into the record, Your Honor. We would submit that trial by implied consent doesn't make it. If there's no jurisdiction, there's no jurisdiction. Time is up, so we need to move on. Thank you, Ms. Kirshner. We understand your arguments. Can I just give Judge Wallach the answer to his question? Sure. Fire away. You had a question about certain exhibits. You could look at our brief at page 45. You'll find all the citations you wanted. Thank you, Your Honor. Thank you very much. Okay, Mr. Kurtz. You've used most of your time, but we'll restore two minutes of rebuttal time. The court has asked the question of whether or not the issue of unauthorized commitment was raised at the hearing below. It absolutely was, and in fact, at the record at pages 904 and 908 in the pre-hearing submissions, Mr. Boo did raise the issue that he had been charged with unauthorized commitments, which affected his workability and his role as a contracting officer representative, and those were not only raised as pre-hearing submissions, but there was significant evidence that was adduced at the trial. There was no objection by the government regarding that evidence, and therefore it is our position that that was tried by consent. That was an issue that the board did have jurisdiction over, because under Section 5 U.S.C. 2302 B.E. 8, if somebody raises an issue of mismanagement of government funds, for example, that is considered a protective activity. And so the end result, if you will, is that the issue of an unauthorized commitment, which was one of the major things that Mr. Boo believed was a damage to his reputation and to his workability, not to mention the fact that he had been removed as a contracting officer representative. The board had jurisdiction over it. The board did hear evidence on the issue. The board failed to address it in any way. Thank you. Thank you, Mr. Dahl. We thank both counsel. The case is taken under submission.